**James DAVIS**

v.

**QUARTER SESSIONS COURT et al.**

**UNITED STATES of America ex rel. James DAVIS**

v.

**COMMONWEALTH OF PENNSYL-VANIA et al.**

Civ. A. Nos. 71–869, 70–269.

United States District Court, E. D. Pennsylvania.

July 20, 1973.

Martin Weinberg, Philadelphia, Pa., for defendants.

James Davis, pro se.

## OPINION

LUONGO, District Judge.

Plaintiff, James Davis, a state prisoner, instituted two suits (Civil Action Nos. 70–269 and 71–869) seeking damages under the Civil Rights Act, 42 U.S.C. § 1983, for failure to furnish to him a copy of the transcript of criminal proceedings. The transcript was needed by plaintiff in Post Conviction proceedings attacking the validity of guilty pleas he had entered to criminal charges brought against him in state court.

### CIVIL ACTION NO. 71–869

In Civil Action No. 71–869 the named defendants were "Court of Quarter Sessions, Inc.," Judge Juanita Kidd Stout, Mrs. Catherine Montgomery, court ste-

nographer, and Edward J. Blake, court administrator.

In an opinion filed on June 1, 1971, in C.A. 71–869, I denied plaintiff leave to proceed in forma pauperis against the "Court of Quarter Sessions, Inc." and Judge Stout, on the grounds that the "Court of Quarter Sessions, Inc." was not a "person" under the Civil Rights Act, and that Judge Stout was immune from suit by reason of her judicial office.

On November 20, 1972, both above-captioned actions were called for trial before the court without a jury. At the conclusion of plaintiff's case, no evidence having been offered implicating Court Administrator Blake in any way in the failure to furnish the requested transcript, judgment was entered in Blake's favor in C.A. 71–869. Further, in that same case, since plaintiff's evidence had established that the court reporter, Mrs. Montgomery, had, in fact, filed with the Office of the Clerk of Quarter Sessions the required number of copies of the transcript, and that she had therefore violated no duty, judgment was likewise entered in her favor. These rulings effectively disposed of the case against all defendants in C.A. 71–869 and plaintiff, who was acting *pro se*, was so advised by the court. The court warned him that the time for appeal in that case would start to run on the day judgment was entered, November 20, 1972.

### CIVIL ACTION NO. 70–269

The defendants named in the other action (70–269) were the Commonwealth of Pennsylvania and Louis J. Amarando, Clerk of Quarter Sessions Court. At the time of trial, the court entered judgment in favor of the defendant, Commonwealth of Pennsylvania, when plaintiff conceded that he had no evidence to present against the Commonwealth of Pennsylvania.[1]

1. The suit against the Commonwealth of Pennsylvania would, in any event, have had to be dismissed since it is not a

"person" within the meaning of the Civil Rights Act.

As to the remaining defendant, Louis J. Amarando, Clerk of Quarter Sessions Court, the evidence disclosed that the court reporter had delivered the requisite number of copies of transcript to the Office of the Clerk of Quarter Sessions Court, for which receipts were duly issued. It was the responsibility of the Office of Clerk of Quarter Sessions Court to deliver copies of the transcript to the County Prison, the State Correctional Institution, to the Parole Board, and, where ordered to do so, to the defendant in the criminal case (the plaintiff in this case). There was nothing to indicate that it did so.[2] At most, from plaintiff's standpoint, the evidence supports the conclusion that the failure to do so was the result of negligence on the part of the employees in the Office of the Clerk of Quarter Sessions Court, who either lost or misdirected the copies of the transcript.

At the conclusion of the evidence, I indicated that I would reserve judgment in the action against Amarando, inviting the parties to submit memoranda of law on two questions: (1) whether the action could be considered against Amarando personally only, or whether suit under the Civil Rights Act could be maintained against the Office of Clerk of Quarter Sessions Court, as such, and (2) whether negligence is properly a basis for violation of 42 U.S.C. § 1983. Understandably, plaintiff, who is a layman, did not submit a memorandum, but not so understandably, defendant has also failed to comply with the court's request.

■ At the outset, I will note that there was no evidence whatsoever to implicate Mr. Amarando personally in the matters of which plaintiff complained, and I so find as a fact. On that basis alone, judgment should be entered in Amarando's favor.

■ I have, however, considered plaintiff's claim as one against the Office of the Clerk of Quarter Sessions Court as such. So regarded, I find that plaintiff's claim is barred by the doctrine of judicial immunity. Clerks of Court enjoy the protection of the doctrine of judicial immunity, Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969), and the doctrine has been applied specifically to a situation in which the Clerk of Court lost files which were important to a prisoner who was seeking to attack the validity of a conviction. Davis v. McAteer, 431 F.2d 81 (8th Cir. 1970).

■ Finally, as I indicated above, the most that could be established here is negligence on the part of employees in the Office of the Clerk of Quarter Sessions Court. Negligent conduct by a state official, even acting under color of state law, is not, in and of itself, sufficient to impose liability under the Civil Rights Act. U. S. ex rel. Gittlemacker, et al. v. County of Philadelphia, et al., 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Kent v. Prasse, 385 F.2d 406 (3d Cir. 1967).

For all the foregoing reasons, judgment [3] will be entered in favor of Louis J. Amarando, Clerk of Quarter Sessions Court.

2. I have assumed for the purpose of this opinion that copies were not delivered to the institutions and to the plaintiff. (See N.T. 37).

3. It becomes unnecessary to consider defendant's motion to dismiss under Rule 25(a), F.R.Civ.P., for failure to substitute for Amarando, who had died prior to trial.