Joyce MOURAT, Plaintiff,

v.

COMMON PLEAS COURT OF LEHIGH COUNTY, Honorable John E. Backenstoe, Clerk of Courts Joseph Joseph, Court Stenographer Nellie Zweifel, Defendants.

Civ. A. No. 81–2118.

United States District Court,
E. D. Pennsylvania.

May 22, 1981.

Joyce Mourat, pro se.

John M. Ashcraft, III, Allentown, Pa., for County of Lehigh.

Thomas J. Turczyn, Allentown, Pa., for Joseph Joseph.

BENCH OPINION

TROUTMAN, District Judge.

THE COURT: The matter of Joyce Mourat, plaintiff vs. Common Pleas Court of Lehigh County, Honorable John E. Backenstoe, Clerk of Courts Joseph Joseph, Court Stenographer Nellie Zweifel, defendants, Civil Action No. 81–2118.

The plaintiff has requested immediate relief at the hands of this Court and has presented to the Court not only her complaints but a full and complete statement of her position, including her position as her own legal representative appearing pro se, but has also under oath testified to the facts upon which she relies in pursuing the complaint in question.

Plaintiff seeks a temporary restraining order which is, of course, in the nature of immediate injunctive relief. To obtain preliminary injunctive relief, plaintiff must demonstrate that irreparable injury will occur if relief is not granted until a final adjudication on the merits can be made, that there is a reasonable probability of success on the merits, and that the possibility of harm to the nonmoving party, as well as to any other interested party, will be minimal, and that harm to the public, when relevant, will not be likely. See *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 356–57 (3d Cir. 1980). *Accord, Kennecott Corp. v. Smith,* 637 F.2d 181 (3d Cir. 1980); *Fitzgerald v. Mountain Laurel Racing Corp.,* 607 F.2d 589 (3d Cir. 1979); *Perkins v. Wagner,* 513 F.Supp. 904 (E.D. Pa., 1981).

■ To prove "irreparable injury," plaintiff must show an "imminent threat" rather than the "mere possibility of a remote future injury." See *Continental Group, Inc. v. Amoco Chemical Corp.,* 614 F.2d at 359.

Now, in the case at bar and before the Court, plaintiff has alleged that defendants wrongly charged her with making false statements to police officers investigating an alleged crime. The false statements are alluded to by the plaintiff after allegedly making or attempting to make a visit to a Congressman Ritter. Thereafter, law enforcement officers charged her with making false statements. She was bound over for trial and eventually placed in what is described as the Accelerated Rehabilitative Disposition program, ARD.

Plaintiff objected to her placement in the ARD program and currently appeals that disposition to the Superior Court of Pennsylvania. Plaintiff also contends that the record being prepared for transmittal from the Court of Common Pleas to the Superior Court of Pennsylvania purposefully contains numerous inaccuracies and errors—

MS. MOURAT: That is not quite correct. The first appeal objecting to the placement on ARD has been dismissed. We are now appealing the warrant of probable cause from the hearing of dismissal on November 17th. This is the second appeal.

THE COURT: Well, let the record so state. It's an appeal to the Superior Court, which is the important matter. And in this connection, the plaintiff does contend that the record or transmittal to the Superior Court purposefully contains numerous inaccuracies and errors. That is correct, is it not?

MS. MOURAT: Yes, um-hmm.

THE COURT: The plaintiff also seeks to enjoin forwarding of the allegedly erroneous record to the appellate court and requests that this Court order that a true and accurate record be sent instead.

Now, if the defendants, who have not yet been served with the plaintiff's complaint, admit or concede an inaccurate record, obviously, no intervention by this Court is necessary, much less warranted. If they deny plaintiff's allegations—and assuming they deny such allegations, then the following disposition of the case is necessary and warranted under the law.

■ Whether plaintiff has demonstrated a reasonable probability of success on the merits does not require her to show that a final decision after trial is "wholly without doubt;" rather plaintiff must garner a "prima facie case of showing a reasonable probability." See *Punnett v. Carter,* 621 F.2d

578, 583 (3d Cir. 1980). See also *Texas Department of Community Affairs v. Burdine,* —— U.S. ——, —— n.7, 101 S.Ct. 1089, 1094 n.7, 67 L.Ed.2d 207 (1981). Plaintiff has not met this burden in this case.

■ Defendant, Judge Backenstoe, who placed the plaintiff in the ARD program, is absolutely immune from suit under 42 U.S.C. § 1983. We here cite *Stump v. Sparkman,* 435 U.S. 349, 362–65, 98 S.Ct. 1099, 1107–1109, 55 L.Ed.2d 331 (1978). *Accord, Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) and *Shaffer v. Cook,* 634 F.2d 1259, 1260 (10th Cir. 1980).

■ The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." We have here quoted from *Lockhart v. Hoenstine,* 411 F.2d.455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears,* 428 F.Supp. 759, 752 (W.D.Tex.), *aff'd,* 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court,* 361 F.Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern,* 125 F.Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds,* 225 F.2d 245 (3d Cir. 1955) sitting en banc.

■ Similarly, the court reporter's qualified immunity shields her from suit when she acts pursuant to lawful authority or follows a judge's instruction or a rule of court. *McLallen v. Henderson,* 492 F.2d 1298, 1300 (8th Cir. 1974); *Dieu v. Norton,* 411 F.2d 761, 763 (7th Cir. 1969); *Stewart v. Minnick,* 409 F.2d 826 (9th Cir. 1969); *Warden v. Ziegler,* 462 F.Supp. 781, 782 (E.D.Mo.1978).

■ Finally, the Court of Common Pleas of Lehigh County as a court and acting as a court derives immunity from the doctrine of judicial immunity. It is a collection of judges and judicial officers whose participation in trials requires immunity to assure proper and efficient functioning without harassment or intimidation. See *Butz v. Economou,* 438 U.S. at 512, 98 S.Ct. at 2913.

As noted above, the defendants Backenstoe, Joseph and the Lehigh County Court of Common Pleas enjoy immunity from suit under Section 1983. Accordingly, the complaint as to them will be dismissed. We here refer to *Carey v. Beans,* 500 F.Supp. 580, 583 (E.D.Pa.1980).

■ Plaintiff's failure to allege or attempt to prove that the court reporter acted without lawful authority or ultra vires renders the complaint fatally defective as to said court reporter. Accordingly, the complaint against her will also be dismissed. We here refer to *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980) where the court's authority to dismiss such complaints was labeled as "clear."

Accordingly, we shall sign an order which will read as follows: "AND NOW, this 22nd day of May, 1981, in accordance with the Court's bench opinion this day renders, it is ordered, that the complaint is dismissed."

Court is adjourned.

(Thereupon, at 2:50 p. m., court was adjourned.)