**Wilmer B. GAY**

v.

**Gradie MERRITT, Supervisor Prison Liaison Unit.**

**Civ. A. No. 83–1391.**

United States District Court, E.D. Pennsylvania.

Nov. 2, 1983.

Wilmer B. Gay, pro se.

Kenneth L. Fox, Asst. City Sol., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

In this *pro se* civil rights action, Wilmer B. Gay seeks damages and injunctive relief for alleged deprivation of his constitutional right of access to the courts. Plaintiff, an inmate at Pennsylvania's State Correctional Institution at Pittsburgh, alleges that defendant Gradie Merritt violated his rights by failing to file in Philadelphia's Court of Common Pleas documents which plaintiff sent to him. Plaintiff alleges that he submitted for filing two copies of a document referred to as a "Motion to Compel Court Appointed Counsel for Copy of Second Amended PCHA Petition, Opening and Closing Statements of Trial Transcript" and one copy of a document entitled "Motion for Order Mandating Clerk of Courts, and/or Court Stenographer, to Furnish Court Records and Transcribed Notes of Testimony." Plaintiff further alleges that although he addressed his motions to Edgar C. Campbell, Sr., Clerk of Quarter Sessions, he received responses from Mr. Merritt informing him that the transcripts which he had requested were out of the jurisdiction of Merritt's office. Finally, plaintiff alleges that defendant Merritt was, by virtue of his office, under a duty to file Gay's motions with the Court of Common Pleas, and that his failure to do so deprived Gay of his right of access to the courts.

Merritt has filed a motion to dismiss the complaint and a motion for summary judgment. In support of his motions, defendant argues that Gay's right to receive a transcript has been satisfied, and claims that he is shielded from liability in this matter by the doctrine of quasi-judicial immunity. For the reasons discussed below, I will deny defendant's motion at this time.

Primarily, defendant's argument that Gay's right to a transcript had been satisfied misses the point of Gay's claim that it was his right to file a claim for relief in federal court that had been violated. Although defendant argues quite persuasively that plaintiff's right to a transcript had been fulfilled, defendant fails to refute plaintiff's allegation that his right to file a claim for relief (however futile) had

been violated.[1] It is now clearly established that prison inmates have a right to present their civil rights grievances to federal courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Therefore, whether defendant Merritt had, by virtue of his position, a duty to file motions such as those submitted by plaintiff, and whether Merritt's alleged breach of that duty resulted in a deprivation of Gay's constitutional rights are issues that must be decided in order to resolve this case. On the current state of the record, I am not persuaded that plaintiff can prove no set of facts in support of his claim that he was deprived of his right of access to the courts, and thus I will deny defendant's motion at this time.

Defendant's argument that he is immune from liability for damages likewise cannot be resolved at this time. Although defendant correctly asserts that, as a clerk of courts, he is entitled to official immunity because of his quasi-judicial status, the omission for which he is sought to be held liable—failing to file plaintiff's legal motions—appears to involve only non-discretionary ministerial duties. If defendant was in fact under a duty to file plaintiff's papers in Philadelphia's Court of Common Pleas, and if defendant had no power to pass upon the merits of those petitions, he would be entitled to only a qualified immunity under § 1983. *Henriksen v. Bentley*, 644 F.2d 852, 855–856 (10th Cir.1981). Defendant would then have to show that his conduct did not, under the circumstances presented, violate plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Because the current record does not disclose the existence or character of Merritt's duty with respect to Gay's petitions, I cannot at this time resolve defendant's claim for immunity. Defendant's reliance on this court's decision in *Davis v. Quarter Sessions Court*, 361 F.Supp. 720 (E.D.Pa.

1973), is misplaced. In that case, after a full trial on the merits, I ruled that evidence of negligence on the part of employees of the Clerk of Quarter Sessions was insufficient in view of the doctrine of quasi-judicial immunity to require imposition of liability upon the *Office* of the Clerk of Quarter Sessions. The individual defendant was absolved of liability in *Davis* because of a lack of evidence that he personally participated in the alleged deprivation of plaintiff's constitutional rights.

Finally, I note that plaintiff has requested equitable relief. If plaintiff were to establish that he is entitled to relief on the merits of his claim, defendant Merritt would not be beyond the reach of an injunctive remedy. *Henriksen v. Bentley, supra.*

---

1. Defendant's evidence that plaintiff's claim for relief had been satisfied would, however, be relevant to the amount of damage suffered by

plaintiff as a result of defendant's alleged misconduct.