## Wilmer B. GAY

v.

**Thomas WATKINS, Assistant District Attorney, Joseph Cleary, Detective, Gaetan J. Alfano, Assistant District Attorney, Joseph A. Harrison, Deputy Court Administrator, Harold L. Randolph, Esquire, Robert B. Mozenter, Esquire, Irene E. Crystal,\* R.P.R., Official Court Reporter.**

### Civ. A. No. 83–2089.

United States District Court,
E.D. Pennsylvania.

Nov. 8, 1983.

Wilmer B. Gay, pro se.

Paul J. Gelman, Howland W. Abramson, Philadelphia, Pa., for defendants Crystal and Harrison.

H. Robert Fiebach, Barry M. Klayman, Philadelphia, Pa., for defendant Mozenter.

Kenneth L. Fox, Asst. City Sol., Philadelphia, Pa., for defendant Cleary.

Sarah B. Vandenbraak, Eric B. Henson, Asst. Dist. Attys., Philadelphia, Pa., for defendants Watkins and Alfano.

## OPINION

LUONGO, Chief Judge.

In this *pro se* civil rights action under 42 U.S.C. § 1981, *et seq.*, Wilmer B. Gay seeks damages and an injunction against several defendants for alleged violations of his constitutional rights. Gay, an inmate of Pennsylvania's State Correctional Institution at Pittsburgh, claims that the defendants have refused to provide him with complete and accurate transcripts of his criminal trial and post conviction hearings, thus depriving him of his First Amendment right of uninhibited access to the courts. The various defendants have filed motions to dismiss the complaint. In addition, defendants Watkins and Alfano have moved in the alternative for summary judgment, and defendant Cleary has made a motion for a more definite statement of the claims against him. For the reasons discussed below, I will treat the motions to dismiss as motions for summary judgment, and permit the plaintiff 30 days to respond.

The substance of Gay's complaint is that he has been denied access to various court records, including trial transcripts relating to his 1972 conviction for first degree murder and assault with intent to kill. Gay claims that these documents are necessary to pursue his post conviction remedies un-

---

\* Defendant Crystal was named as an additional defendant in this case with permission of the court. See document No. 15, August 1, 1983.

der Pennsylvania's Post Conviction Hearing Act (PCHA). As several of the defendants point out, however, it appears clear that Gay's *attorneys* have had unrestricted access to the relevant documents throughout this litigation. If Gay's attorneys have in fact had such access, plaintiff has suffered no deprivation of his constitutional rights. *Smith v. Beto*, 472 F.2d 164 (5th Cir.1973); *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir.1973), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

Initially, plaintiff's complaint itself clearly shows that his first PCHA attorney, Robert B. Mozenter, had access to the trial transcripts. Both plaintiff's complaint and a supporting affidavit submitted by plaintiff's brother, Roger T. Gay, state that plaintiff's brother purchased a complete set of the documents with plaintiff's money, and submitted them to plaintiff's privately retained lawyer. Mr. Mozenter, therefore, by plaintiff's own admission, had access to the relevant records.

After Mr. Mozenter's efforts on behalf of plaintiff proved unsuccessful, plaintiff then filed a motion for discovery along with a writ of habeas corpus, also in Pennsylvania's courts. Because plaintiff's financial resources have been exhausted, he is now represented by a court appointed attorney, Joel P. Trigiani. An affidavit submitted by Mr. Trigiani in support of defendant Irene Crystal's motion to dismiss states that plaintiff's present counsel has possession of "all relevant court records and documents relating to Wilmer B. Gay's criminal conviction and Post Conviction Hearing Act Petition," as well as the notes of testimony of plaintiff's PCHA hearing. If Mr. Trigiani's affidavit remains uncontroverted, it will have been established that plaintiff's attorneys have had access to the trial transcripts and other relevant documents throughout plaintiff's litigation, and all defendants in this action will be entitled to judgment. Although I cannot now conceive how plaintiff, based upon facts within his personal knowledge, could dispute his attorney's statement that he is currently in possession of plaintiff's records, I will, pursuant to Fed.R.Civ.P. 12(b)(6) and 56, permit plaintiff thirty days during which he may submit such other affidavits or documentation as will assist in the resolution of this motion.