## Wilmer B. GAY

### v.

**Thomas WATKINS, Assistant District Attorney, Joseph Cleary, Detective, Gaetan J. Alfano, Assistant District Attorney, Joseph A. Harrison, Deputy Court Administrator, Harold L. Randolph, Esquire, Robert B. Mozenter, Esquire, Irene E. Crystal, R.P.R., Official Court Reporter, Joel P. Trigiani, Esquire.**

Civ. A. No. 83–2089.

United States District Court, E.D. Pennsylvania.

Feb. 15, 1984.

---

Wilmer B. Gay, pro se.

Paul J. Gelman, Howland W. Abramson, Philadelphia, Pa., for defendants Crystal and Harrison.

H. Robert Fiebach, Barry M. Klayman, Philadelphia, Pa., for defendant Mozenter.

Kenneth L. Fox, Asst. City Sol., Philadelphia, Pa., for defendant Cleary.

Sarah B. Vandenbraak, Eric B. Henson, Asst. Dist. Attys., Philadelphia, Pa., for defendants Watkins and Alfano.

MEMORANDUM

LUONGO, Chief Judge.

In this prisoner's civil rights action, plaintiff Wilmer B. Gay seeks damages and injunctive relief for alleged violations of his constitutional rights.[1] In his initial complaint, Gay claimed that defendants Watkins, Cleary, Alfano, Randolph, and Mozenter violated his rights by denying him access to a full set of transcripts of his criminal trial and post-conviction hearing. Gay then requested and received leave of court to amend his complaint to add Crystal as a defendant. Gay sought relief against defendant Crystal, a court reporter, because she allegedly failed to provide him with accurate copies of the post-conviction hearing testimony. Finally, Gay, again with my permission, has amended his complaint to include allegations that his most recent attorney, Joel P. Trigiani, also violated his constitutional rights, but the claims against Trigiani are not before me on these motions.

On November 8, 1983, 573 F.Supp. 706, having decided to treat defendants' motions to dismiss as motions for summary judgment, I postponed ruling on defendants' motions to permit plaintiff to file affidavits challenging defendants' claim that plaintiff's attorneys have had access to all relevant transcripts and records relating to plaintiff's incarceration. Plaintiff has filed several voluminous "responses" to defendants' motions. Accepting these as affidavits for the purpose of the present motions, I conclude that defendants' motions for summary judgment must be granted with respect to plaintiff's claim that he was unconstitutionally denied access to his trial transcripts. Although plaintiff has characterized defendant Trigiani's affidavit (filed in support of defendant Crystal's motion to dismiss) as a *"constructive* and *fabricated lie,"* *Plaintiff's Response to Defendant*

---

1. Although plaintiff's complaint predicates "jurisdiction" on 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1997d, it is abundantly clear that plaintiff's substantive claim is that defendants conspired to deprive him of his constitutional rights under color of state law. Sections 1983, 1985 and 1986, therefore, provide the only possible grounds for relief. However, because I conclude that summary judgment must be granted in favor of defendants with respect to plaintiff's claim under § 1985, the § 1986 claim must also fall.

*Irene E. Crystal Motion to Dismiss*, at 8, he simultaneously admits that his attorneys may have had access to his legal records. *Plaintiff Response to Defendants Thomas Watkins and Gaetan Alfano's Motion to Dismiss His Complaint and/or Motion for Summary Judgment*, at 29. More importantly, plaintiff states that the fact that his attorneys have had access to such records "is the very reason plaintiff has joined the said counsel to the within Civil Rights Action as party defendants ...." *Id.* Gay's claim, therefore, is not that his attorneys have been deprived of access to transcripts and records necessary to represent him, rather, his complaint is that he is entitled to a separate, personal copy of the documents. For the reasons discussed in my November 8, 1983 opinion I conclude that plaintiff has failed to establish the existence of a material issue of fact relevant to a valid claim for deprivation of a constitutional right. Defendants' motion for summary judgment with respect to plaintiff's claim that his right of access to the courts has been violated must therefore be granted.

For similar reasons, I find that defendant Crystal's motion for summary judgment must be granted. Gay alleges that Crystal, in transcribing notes of testimony of his post-conviction hearing, failed to copy two lines of testimony on several pages of plaintiff's personal copy. As noted above, plaintiff had no constitutional right to a personal copy of the transcripts. His constitutional right was fulfilled by defendant Crystal because it has been established by uncontroverted affidavits that Crystal provided a full set of accurate transcripts to plaintiff's lawyer.

Moreover, Crystal's uncontested affidavit established that she transmitted a second set of transcripts to Gay after she received notice that the initial set was allegedly defective. Crystal, therefore,

clearly acted in good faith and is entitled to judgment as a matter of law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982).[2]

I note, however, that plaintiff's recent submissions contain various additional allegations of unconstitutional behavior on the part of several of the defendants. I will discuss plaintiff's claims with respect to each defendant seriatim for the purpose of deciding whether plaintiff should be permitted once again to amend his complaint.

Initially, plaintiff's claim that defendant Mozenter violated his civil rights cannot be cured by further amendment. Mozenter was plaintiff's privately-retained attorney who represented him at his post-conviction hearing. As a private attorney, Mozenter was not a state actor for the purpose of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Black v. Bayer*, 672 F.2d 309 (3d Cir.), *cert. denied*, 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982). Furthermore, plaintiff's conclusory allegations that Mozenter conspired with the police and prosecuting attorneys who initially participated in plaintiff's criminal trial are insufficient to establish a genuine issue of material fact relevant to plaintiff's claims under § 1983 or § 1985. *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir.1976); *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

Plaintiff's allegations against defendant Harrison also fail to provide a basis for further amendment. Although plaintiff's response to Harrison's motion alleges that Harrison failed properly to supervise defendant Crystal and Gradie Merritt (who is a defendant in another lawsuit filed by Gay), respondeat superior is not a basis for recovery under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913–14 n. 3, 68 L.Ed.2d 420 (1981).

**2.** Plaintiff's reliance on *Washington v. Official Court Stenographer*, 251 F.Supp. 945 (E.D.Pa. 1966) is misplaced. In that case the court denied a court reporter's motion to dismiss a civil rights action where the reporter allegedly refused to comply with two court orders requiring production of transcripts. The transcripts were needed to enable the plaintiff to prepare a habeas corpus petition. The plaintiff in *Washington* was found to have a constitutional right to the transcripts. Furthermore, the reporter failed to raise the immunity defense.

Plaintiff's claim against defendant Alfano likewise cannot be helped by further amendment. From the sparse references to Alfano in his response, it is apparent that plaintiff seeks to hold Alfano liable only for failure to provide plaintiff access to his transcripts. Because I have determined that plaintiff had no constitutional right to a personal copy of the transcripts Alfano is entitled to summary judgment.

■ Finally, plaintiff's recent allegations against defendants Cleary and Watkins relate to conduct which occurred prior to plaintiff's criminal conviction, which, by plaintiff's own admission, occurred on April 17, 1972. Even assuming that it would be proper to apply Pennsylvania's six-year residual statute of limitations for the purpose of this suit, the suit against Cleary and Watkins is time barred. *See Jennings v. Shuman,* 567 F.2d 1213 (3d Cir.1977); 42 Pa.C.S.A. § 5527.

In short, plaintiff's claim for denial of his First Amendment right of access to the courts must be dismissed because plaintiff's attorneys have had possession of relevant records throughout plaintiff's appellate and post-conviction litigation. I further conclude that the allegations advanced in plaintiff's recent submissions do not warrant permitting plaintiff to amend his complaint again.