**Wilmer B. GAY**

v.

**Thomas WATKINS, Assistant District Attorney, Joseph Cleary, Detective, Gaetan J. Alfano, Assistant District Attorney, Joseph A. Harrison, Deputy Court Administrator, Harold L. Randolph, Esquire, Robert B. Mozenter, Esquire, Irene E. Crystal, R.P.R., Official Court Reporter, Joel P. Trigiani, Esquire.**

Civ. A. No. 83–2089.

United States District Court,
E.D. Pennsylvania.

Dec. 26, 1984.

Wilmer B. Gay, pro se.

F. Michael Medway, Philadelphia, Pa., for defendant Joel P. Trigiani.

MEMORANDUM

LUONGO, Chief Judge.

This is a civil rights action[1] filed by an inmate of Pennsylvania's State Correctional Institution at Pittsburgh. On February 15, 1984, I granted motions for summary judgment in favor of all defendants except defendant Trigiani. *Gay v. Watkins*, 579 F.Supp. 1019 (E.D.Pa.1984). Now before me are the plaintiff's "Motion for Judgment" against Trigiani and Trigiani's cross-motion to dismiss or for summary judgment. I will grant Trigiani's motion for summary judgment.

 I have previously noted in this case that the gravamen of Gay's complaint is that he has been deprived of access to various court records and documents which he feels are necessary to perfect his post-conviction remedies. *Gay v. Watkins*, 573 F.Supp. 706 (E.D.Pa.1983). I have also ruled, however, that Gay's right of access to such documents has been satisfied if his various attorneys have had such access. *Id.* at 707.

 The remaining defendant in this lawsuit was Gay's court-appointed attorney during a portion of the plaintiff's state post-conviction litigation. Gay seeks to hold Trigiani liable because of his failure to provide him personal copies of various records. For the reasons set forth in my earlier decisions, I conclude that Gay does not have a constitutional right to a personal copy of such documents.

Gay contends that his right of access to court records was not satisfied because Trigiani's Answer to the Complaint and Answers to Interrogatories contradict his earlier assertion that he had access to the documents. This contention is without merit. Although Trigiani's Answers to Interrogatories and his Answer to the Complaint suggest that he has not retained the court records of his former client, Trigiani has stated clearly—and repeatedly—that

he had the relevant documents in his possession during his representation of Gay.

 Finally, Gay's complaint against Trigiani and his motion for judgment contain several allegations concerning Trigiani's conduct as Gay's attorney, particularly with respect to his failure to pursue the suppression by the prosecution of a witness' statement which implicated Gay in the crime of which he was convicted. At the very most, such allegations amount to a claim of negligence which is not actionable under 42 U.S.C. § 1983.[2]

---

1. Although plaintiff's jurisdictional statement cites various provisions of Title 42 and Title 28 of the United States Code, I have previously ruled that the substance of his claim is one for deprivation of constitutional rights under color of state law. 42 U.S.C. § 1983. *See Gay v.*

*Watkins,* 579 F.Supp. 1019, 1020 n. 1 (E.D.Pa. 1984).

2. In view of this discussion, I need not decide whether Trigiani could be deemed a "state actor" for purpose of § 1983.