Wilmer B. GAY

v.

Gradie MERRITT, Supervisor Prison Liaison Unit.

Civ. A. No. 83–1391.

United States District Court, E.D. Pennsylvania.

Feb. 25, 1985.

---

Wilmer B. Gay, pro se.

Larry G. Cobb, Asst. City Sol., City of Philadelphia, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

█ This is a *pro se* civil rights case filed by a prisoner against an employee of the Clerk of Quarter Sessions of Philadelphia. The gravamen of plaintiff's complaint is that defendant violated his right of access to the courts by refusing to file motions submitted by plaintiff to the Clerk of Quarter Sessions. On November 2, 1983 I denied defendant's motion to dismiss the complaint on the basis of the then-existing record. *Gay v. Merritt,* 574 F.Supp. 105 (E.D.Pa.1983). Since that time I have ruled in a related case that the documents plaintiff sought in his motion to the Clerk of Quarter Sessions were not constitutionally required to be provided. *See Gay v. Watkins,* 579 F.Supp. 1019 (E.D.Pa.1984). Now before me is plaintiff's motion for summary judgment and defendant's re-

sponse thereto. I conclude that there exists no genuine issue of material fact and that the record makes clear that plaintiff's constitutional right of access to the courts has been observed. I will therefore enter summary judgment in favor of defendant and against plaintiff.[1]

█ This case had its genesis in Gay's state court Post Conviction Hearing Act litigation. As Gay's motion for summary judgment points out, after an evidentiary hearing before Philadelphia's Court of Common Pleas, plaintiff was given permission by the court to file a brief in addition to that prepared by the attorney the court had appointed to represent Gay. To that end the court required that certain transcripts be provided to Gay. The transcripts, however, came into the possession of Gay's attorney, and a dispute arose as to whether Gay was given the transcripts which he claimed were necessary to file his brief.

Gay then filed with the Clerk of Quarter Sessions three motions which were designed to compel production of the disputed documents. Gay also instituted a federal civil rights action against several persons including the attorneys who had represented him. The instant suit seeks relief for similar alleged wrongdoing.

Gay seeks to fasten liability upon Merritt because of the defendant's alleged violation of his duty to file documents submitted to the Clerk of Quarter Sessions. In support of that contention, Gay cites provisions of Pennsylvania law which he claims required Merritt to docket and retain the plaintiff's submissions. Merritt, in an affidavit in opposition to Gay's motion disputes the existence of any such duty. Merritt argues

---

1. Defendant has not moved for summary judgment. As our Court of Appeals has ruled, however, a formal motion for summary judgment is not necessary where the record discloses the absence of genuine issues of material fact. *Viger v. Commercial Insurance Company of Newark, New Jersey,* 707 F.2d 769, 774 (3d Cir.1983). I am satisfied that plaintiff is not unfairly prejudiced by this disposition. Plaintiff's motion for summary judgment (which he captioned "Motion for Judgment") amply describes plaintiff's view of defendant's refusal to file his submissions. I accept plaintiff's representation that defendant refused to file the documents, but I conclude that this fact alone, when considered in the context of plaintiff's otherwise unhampered access to Pennsylvania's courts, does not establish a violation of plaintiff's constitutional rights.

that Gay's papers were not filed because Gay's file was not in the possession of the Quarter Sessions Court, and that, in accord with the Clerk's nondiscretionary policy, no documents could be filed in a file not in the court's possession.

After careful review of the records in Gay's related cases, I conclude that to resolve the present case it is unnecessary for me to determine whether Merritt complied with his state law obligations. What the records in these cases make abundantly clear is that Gay has had constitutionally sufficient access to Pennsylvania's courts. Gay does not allege that prison officials have deprived him of access to law books or the materials needed to file legal memoranda. *Cf. Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir.1982). Indeed the volume of documents submitted by Gay to this court would belie any such suggestion. Plaintiff likewise does not allege that Pennsylvania's courts have unduly burdened indigent prisoners' opportunity to litigate. As plaintiff's own memoranda demonstrate, the Court of Common Pleas provided Gay not only appointed counsel, but the opportunity to submit *pro se* briefs.

Given these circumstances, no genuine claim of deprivation of access to the courts remains for trial. At issue in this suit is simply the propriety of a clerk's return of papers to a litigant whose file was out of the court's possession. Plaintiff can demonstrate no injury from the return of his submissions. *Cf. Hudson v. Robinson*, 678 F.2d 462 (3d Cir.1982). Gay's right of access to the courts was satisfied by his attorney's presentation of his case, and the request which plaintiff made (for a personal copy of certain transcripts) in the documents which were returned to him has been found without merit.

For these reasons, I conclude that no genuine issue of material fact exists with respect to Gay's claim of unconstitutional deprivation of access to the courts, and I will grant summary judgment in defendant's favor.