930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Derek ANDERSON, Plaintiff-Appellant,
v.
Nick A. TOMASIC, Bill D. Robinson, and Michael Grosko,
Defendants-Appellees.
 No. 90-3253.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1991.
 
 D.Kan., No. 90-3175-S.
 D.Kan.
 AFFIRMED.
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's motion for leave to proceed on appeal without prepayment of costs or fees. See 28 U.S.C. Sec. 1915(a) (1988). We grant appellant's motion and proceed to the merits of the case.
 
 
 3
 Appellant, an inmate at the Kansas State Penitentiary, Lansing, Kansas, appeals the district court's dismissal of his complaint alleging an infringement of his civil rights in violation of 42 U.S.C. Sec. 1983 (1988). In his complaint, appellant seeks copies of his trial transcripts for use in preparing his direct appeal. The district court dismissed appellant's complaint pursuant to 28 U.S.C. Sec. 1915(d) (1988). It concluded that because appellant's counsel, the State of Kansas Appellate Defender, had access to the district court record, appellant did not sufficiently allege the deprivation of a federal right.
 
 
 4
 "Mindful that pro se actions are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed under Sec. 1915(d) 'if the plaintiff cannot make a rational argument on the law and facts in support of his claim.' " Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987) (quoting Van Sickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir.1986)). We review a district court's dismissal under section 1915(d) for an abuse of discretion. Id..
 
 
 5
 It is clear that the Due Process and Equal Protection Clauses of the fourteenth amendment require states to provide indigent inmates transcripts when such transcripts are essential to achieving adequate appellate review. Griffin v. Illinois, 351 U.S. 12, 18-19 (1956). Courts generally have refused to recognize an indigent's constitutional right to a personal transcript, however, when a transcript has been made available to his or her counsel. See, e.g., Gay v. Watkins, 579 F.Supp. 1019, 1021 (E.D.Pa.1984); United States v. Davidson, 438 F.Supp. 1253, 1255 (N.D.Ind.1977). Because appellant's counsel has access to the trial court record, including the transcript appellant seeks here, we do not find that the district court abused its discretion in dismissing appellant's complaint.
 
 
 6
 The judgment of the district court is therefore AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3