**Robert COOK, Plaintiff,**

v.

**Bonnie SMITH, et al., Defendants.**

**Civ. A. No. 92–2345.**

United States District Court,
E.D. Pennsylvania.

Feb. 10, 1993.

---

**562**

## MEMORANDUM

**ROBERT F. KELLY, District Judge.**

This action involves a claim under 42 U.S.C. § 1983 against two court stenographers employed by the Philadelphia Court of Common Pleas who Plaintiff alleges altered the transcript of his criminal trial so as to delete portions of his testimony that were more favorable to him and add testimony that would help the State's case. Defendant Bonnie Smith[1] ("Defendant") has filed a Motion to Dismiss this action. Defendant maintains that this case should be dismissed since court reporters are entitled to absolute quasi-judicial immunity in performance of their duties. Plaintiff Robert Cook ("Plaintiff"), pro se, argues that court reporters are not entitled to any form of immunity when they are performing illegal activities under color of law.

The United States Supreme Court in *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) stated that a claim of immunity must be analyzed using a "functional" approach. "[I]mmunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Id.* at 227, 108 S.Ct. at 544 (emphasis added in text). The Supreme Court in *Forrester* limited absolute judicial immunity to actions that are either "judicial or adjudicative." *Id.* at 229, 108 S.Ct. at 545.

In *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471 (9th Cir.1991), the plaintiff brought an action against a court reporter and the court reporting service for failing to provide the complete transcript of a criminal proceeding which delayed appellate review for over four years. The court applied the reasoning in *Forrester* and held

that the court reporter was entitled to absolute quasi-judicial immunity. "Judicial immunity is not limited to judges. It extends to other government officials who play an integral part in the implementation of the judicial function." *Id.* at 1474. "Such officials enjoy derivative immunity (quasi-judicial immunity) which can be absolute if their conduct relates to a core judicial function." *Id.* (citations omitted).

The court in *Antoine* found that the making of the official record of a court proceeding was clearly part of the judicial function. 950 F.2d at 1476. Furthermore, the court went on to state that the official record is indispensable to the appellate process. *Id.* Thus, the court held that since the court reporter's statutory duties as set forth in the Court Reporter Act, 28 U.S.C. § 753, are functionally part and parcel of the judicial process, the court reporter is entitled to absolute quasi-judicial immunity for actions within the scope of their authority. *Id.; see Marcedes v. Barrett*, 453 F.2d 391 (3d Cir.1971) (court reporter entitled to judicial immunity since quasi-judicial officer of court). Similarly, in *Mourat v. Common Pleas Court of Lehigh County*, 515 F.Supp. 1074, 1076 (E.D.Pa.1981), the court stated that a court reporter's qualified immunity shields her from suit when she acts pursuant to "lawful authority or follows a judge's instruction or a rule of court."

The court in *Antoine* next considered whether the court reporter acted within the scope of her authority in failing to produce the trial transcript. The court stated that quasi-judicial judicial immunity would attach if the acts complained of were within the general subject matter jurisdiction of the quasi-judicial officer. 950 F.2d at 1476 (quoting *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988)). The *Antoine* court found that although the court reporter failed to comply with the statute or court orders, the plaintiff had not shown any action that was not within the court reporter's responsibilities. 950

---

**1.** The record does not reflect that Ms. Battle, the other court stenographer, has been served. De-

fendant Bonnie Smith argues that Defendant Battle is entitled to the same defenses.

F.2d at 1476. The court held that the court reporter was entitled to quasi-judicial immunity despite the impact on the plaintiff's criminal appeal due to the court reporter's failure to prepare a timely transcript. *Id.*

██ In the present case, Defendant was clearly acting pursuant to lawful authority in transcribing the testimony at Plaintiff's criminal trial. As stated by the court in *Antoine*, the court reporter's duties are functionally part of the judicial process and thus, Defendant is entitled to absolute quasi-judicial immunity. Moreover, Defendant was acting within the scope of her authority. The acts of which Plaintiff complains are within the general subject matter jurisdiction of Defendant. Plaintiff alleges that the transcript does not accurately reflect his trial testimony. When Defendant transcribed Plaintiff's criminal trial, she was performing one of her statutory duties as a court reporter. Defendant's actions are clearly within her general subject matter jurisdiction and responsibilities as a court reporter. Therefore, this action must be dismissed since Defendant is immune from suit based upon absolute quasi-judicial immunity.

██ The fact that Defendant is entitled to absolute quasi-judicial immunity in this case does not leave parties claiming that trial testimony was incorrectly transcribed without a remedy. Rule 1922 of the Pennsylvania Rules of Appellate Procedure sets forth the procedure to be followed in the event a party objects to a transcript as lodged:

(a) **General rule.** Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court. Such notice by the court reporter shall state that if no objections are made to the text of the transcript within five days after such notice, the transcript will become part of the record.

If objections are made the difference shall be submitted to and settled by the trial court. . . . .

Pa.R.A.P., Rule 1922, 42 Pa.C.S.A. Furthermore, Rule 1926 of the Pennsylvania Rules of Appellate Procedure sets forth the procedures to be followed to correct a record:

If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. . . . .

Pa.R.A.P., Rule 1926, 42 Pa.C.S.A. These Rules set forth the proper procedures that must be followed in order to correct alleged discrepancies in the record. There is no evidence in this case that Plaintiff followed any of these procedures.

Therefore, I shall enter the following Order:

## ORDER

AND NOW, this 10th day of February, 1993, upon consideration of the parties' submissions, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED;

2. Plaintiff's Motion for Relief from Order(s) is DENIED; and

3. This action is DISMISSED with prejudice.