Nicholas A. **BORSELLO**, Jr.

v.

Stephen **LEACH**, Esq.

Civ. A. No. 90–2703.

United States District Court,
E.D. Pennsylvania.

May 10, 1990.

On Motion for Reconsideration
May 23, 1990.

Nicholas A. Borsello, Jr., pro se.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

Plaintiff, Nicholas A. Borsello, Jr., is currently incarcerated in Rockview Prison, a state facility located in Bellefonte, Pennsylvania.[1] Mr. Borsello has submitted a *pro se* complaint against his state appointed counsel, Stephen Leach, Esq., pursuant to 42 U.S.C. § 1983.

---

**1.** The nature of the crime for which Mr. Borsello is imprisoned is unclear. His complaint makes reference to the death of a woman (Complaint, p. 3B), and refers to an alleged "murder," and to a "murder weapon" (*id.*), however, the exact charges are not revealed in plaintiff's pleadings.

In his complaint, plaintiff alleges that he was denied due process of law, in violation of the Fourteenth Amendment of the United States Constitution, and in violation of the Constitution of the Commonwealth of Pennsylvania, when defendant failed to present his criminal defense in a responsible manner. In support of his contention of constitutional violations, plaintiff details at length the procedural and tactical errors allegedly made by Mr. Leach during the criminal trial; these alleged errors include failure to follow up on leads to exculpatory evidence, and to file appropriate pre-trial motions.

Plaintiff seeks a "declaratory judgment that Defendant Leach violated the U.S. Constitution and state (Commonwealth) Constitution...." Complaint, p. 3G, and also seeks $500,000 in compensatory and punitive damages, and a preliminary injunction forcing defendant to turn over to plaintiff all of his internal records relating to plaintiff's criminal case, so that plaintiff may effectively pursue his *pro se* post-conviction efforts.

1. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. Since it appears that Mr. Borsello is unable to bear the costs of litigation, leave to proceed *in forma pauperis* is GRANTED, pursuant to 28 U.S.C. § 1915(a).

2. For a § 1983 civil rights action to proceed against an individual, that individual must be a person "acting under color of state law." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court has determined that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). *See also West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Accordingly, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(d) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.

## ON MOTION FOR RECONSIDERATION

Plaintiff, Nicholas A. Borsello, Jr., is currently incarcerated in Rockview Prison, a state facility located in Bellefonte, Pennsylvania. Mr. Borsello filed a *pro se* complaint against his state appointed counsel, Stephen Leach, Esq., pursuant to 42 U.S.C. § 1983, in which plaintiff alleged that he was denied due process of law, in violation of the Fourteenth Amendment of the United States Constitution, and in violation of the Constitution of the Commonwealth of Pennsylvania, when defendant failed to present his criminal defense in a responsible manner.

In a Memorandum/Order dated May 10, 1990, I dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(d) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The rationale behind my decision was the following:

> For a § 1983 civil rights action to proceed against an individual, that individual must be a person "acting under color of state law." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court has determined that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). *See also West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Memorandum/Order, p. 26.

Plaintiff has now filed a motion for reconsideration, on the grounds that "the defendant is being sued in both his official and individual capacity," and that "such assertions of constitutional impropriety, cannot be lightly dismissed, and the plaintiff should be given every opportunity especially as a pro se litigant, to substantiate through discovery, that his claim is one of merit and substance."

An action pursuant to § 1983 to recover for alleged constitutional violations, may

not be brought against individuals, but may only be brought against a state actor. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court has held that a public defender acting in his official capacity is not a state actor pursuant to § 1983. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Thus, plaintiff has not stated a claim which may be maintained against this defendant in either his official or individual capacities. Because plaintiff has failed to state a valid cause of action, it would be inappropriate to engage in any discovery, or to otherwise examine whether plaintiff's allegation is one of "merit and substance."

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration is DENIED.