Terrance WILLIAMS

v.

Leon O. DARK, Lynne Abraham, District Attorney of Philadelphia, William P. James.

Civ. A. No. 93–2232.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1993.

Terrance Williams, pro se.

Maryellen Gallagher, Adm., Office of Pennsylvania Courts, Philadelphia, PA, for Leon O. Dark.

Brian J. Preski, Asst. Dist. Atty., Philadelphia, PA, for Lynne Abraham.

## ORDER

KATZ, District Judge.

**AND NOW,** this 7th day of September, 1993, upon consideration of Defendant William P. James' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Or, in the Alternative, Motion for Summary Judgment, and the response, it is hereby **ORDERED** that Defendant James' Motion for Summary Judgment is **GRANTED** for the following reasons:

### I. Facts

Plaintiff, Terrance Williams ("Plaintiff" or "Williams"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Leon O. Dark, Manager of Court Reporting Services for the Court of Common Pleas Philadelphia County, and Lynne Abraham, District Attorney of Philadelphia. Plaintiff later amended his complaint on May 12, 1993, to include William P. James, Esquire. On July 23, 1993, Plaintiff amended his complaint a second time. *See* Second Amended Complaint.[1] In his Second Amended Complaint, Plaintiff sues Defendant James in his capacity as an Assistant District Attorney. On July 30, 1993, this court granted Defendants Dark's and Abraham's respective motions for summary judgment and dismissed them from this matter.

---

1. This court reads the Plaintiff's complaints in the broadest sense. Although the Second Amended Complaint only appears to assert the conspiracy claims against Defendants Dark and Abraham, it is read as an addendum to his other complaints and not as a limitation of his claims.

Plaintiff alleges that he has been deprived of his constitutional rights by the defendants because they have not turned over to him "the records, documents, transcripts necessary and pertinent for me to bring meritorious claims of litigation and effectively pursue my appeal rights in my criminal action." *See* Complaint at p. 3.

Against Defendant James in particular, Plaintiff further alleges that:

On or about June 1991, Defendant James entered into an aggreement (sic) with defendant Abraham to obstruct, hinder, and deprive Plaintiff of his right to litigate issues relating to court action no. 797–801, of 1984.

On or about June 1991, defendant James entered into agreement with defendant Abraham to withhold from and deprive Plaintiff essential and favorable documents, transcripts, and records relating to court action no. 797–801, of 1984.

Plaintiff has made repeated requests to defendant James that he produce and provide to Plaintiff the documents, transcripts, and records in the control and possession of defendant James which relate to court action no. 797–801, of 1984.

Defendant James, acting individually and in concert with defendant Abraham in accordance with their aggreement (sic), has consistently failed to produce and provide to Plaintiff the requested documents, transcripts, and records in the control and possession of defendant James which relate and pertain to court action no. 797–801, of 1984.

*See* Second Amended Complaint, ¶¶ 15–18.

In the underlying criminal prosecution, Court of Common Pleas, Philadelphia County, 1984 September Term, Nos. 0979–0801, Plaintiff was tried, convicted by a jury and sentenced to a substantial period of incarceration for a 1984 homicide. Plaintiff was represented in the state criminal proceeding by Stephen Gallagher, Esquire. Plaintiff was represented in his appeal to the Superior Court of Pennsylvania by Defendant James. On June 5, 1991, Defendant James filed a petition for Allowance of Appeal with the Supreme Court of Pennsylvania on Plaintiff's behalf. *See* Defendant's Exhibit C. On June 12, 1991, following notice from the Superior Court that Plaintiff's criminal appeal had been denied, Defendant James notified Plaintiff that he was withdrawing from further representation of the Plaintiff. *See* Defendant's Exhibit A. Defendant James was permitted to withdraw as appellate counsel for Plaintiff on June 28, 1991 by a *per curiam* order of the Superior Court of Pennsylvania. *See* Defendant's Exhibit B. On or about July 1, 1991, Defendant James was appointed as Assistant District Attorney of Philadelphia County.

Plaintiff seeks relief in that this court enter an order requiring Defendant James to turn over all of the requested documents and award the sum of $100,000 in compensatory damages and $5,000 in punitive damages. *See* Complaint at p. 6; Second Amended Complaint at ¶¶ 29, 30, and 31.

## II. Requirements to Grant Summary Judgment

Summary judgment is authorized by Federal Rule of Civil Procedure 56, which states:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "Material" facts are those facts that might affect the outcome of the suit under the substantive law governing the claims made. An issue of fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" in light of the burdens of proof required by substantive law. *Anderson v. Lib-*

*erty Lobby, Inc.*, 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986).

A motion to dismiss which is premised on Rule 12(b)(6), the failure to state a claim upon which relief can be granted, may be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. *See* Fed. R.Civ.Pro. 12(b). Since Defendant James' motion to dismiss utilizes various exhibits, which are beyond the pleadings, this court shall treat his entire motion as one for summary judgment. As his motion is both one for dismissal and for summary judgment, however, this court finds that all sides had a reasonable opportunity to present all material allowed under Rule 56 governing summary judgment motions. *See* Fed.R.Civ.Pro. 12(b).

As will be discussed below, Williams has failed to establish the existence of any genuine issues of material fact against Defendant James.

III. Discussion

In reading Plaintiff's Complaint, Amended Complaint and Second Amended Complaint broadly, Plaintiff appears to be claiming a § 1983 civil rights violation based upon (1) the Defendants' failure to give him certain requested documents, (2) a denial of access to the courts, and (3) a denial of his right to appeal, in addition to a § 1985(3) claim of conspiracy to violate his civil rights. Each claim will be discussed separately.

A. The § 1983 Claim: Failure to Provide Documents

A plaintiff must prove two essential allegations in order to state a claim under § 1983: (1) "the plaintiff must allege that some person has deprived him of a federal right" and (2) the plaintiff "must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Plaintiff

has failed to establish either of these two requirements to have a viable § 1983 claim against Defendant James.

■■■ Defendant James, while now an Assistant District Attorney, was not acting under the color of state law when he allegedly did not provide Plaintiff with his own copy of discoverable documents. Private attorneys acting on behalf of their clients are not state actors. *See Polk County v. Dobson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Jordan v. Fox, Rothschild, O'Brien and Frankel*, 787 F.Supp. 471, 475 (E.D.Pa.1992) (attorneys are not state actors by virtue of status as officers of the court); *Borsello v. Leach*, 737 F.Supp. 25, 26 (E.D.Pa.1990) (state appointed defense counsel was not a state actor and, thus, no viable civil rights action existed). To the extent Plaintiff's claims can be read to assert a § 1983 action against Defendant James while James was a private attorney, Plaintiff cannot establish a viable claim as James cannot be considered a state actor.

Even if Plaintiff's claims are read to include conduct when James was an Assistant District Attorney such that James satisfies the state actor requirement, Plaintiff cannot establish that the Defendant James has deprived Plaintiff of any rights, privileges or immunities secured by the Constitution and laws by not providing him with his own copy of discoverable documents.

■■■ State law establishes what information the Commonwealth must disclose to a criminal defendant. *See* Pa.R.Crim.Pro. 305.[2] A criminal defendant has no independent right to his own copy of discoverable documents in a state court criminal proceeding when represented by counsel and when these documents have been provided to defense counsel. If the criminal defendant's attorney have had unrestricted access to the

---

2. Rule 305 states:

   B. Disclosure by the Commonwealth
   (1) Mandatory: In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Common-

wealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

relevant documents throughout the litigation then "plaintiff [the criminal defendant] has suffered no deprivation to his constitutional rights." *Gay v. Watkins,* 573 F.Supp. 706, 707 (E.D.Pa.1983). In addition, a criminal defendant, now a civil plaintiff, "had no constitutional right to a personal copy of the transcripts. His [the civil plaintiff's] constitutional right was fulfilled by [the defendant court reporter] because it has been established by uncontroverted affidavits that [the defendant court reporter] provided a full set of accurate transcripts to plaintiff's lawyer." *Gay v. Watkins,* 579 F.Supp. 1019, 1021 (E.D.Pa.1984).

The Plaintiff has failed to establish any genuine issue of material fact that would establish that Defendant James was a state actor or that Defendant James violated Plaintiff's civil rights by denying him a copy of the requested documents or that Defendants failed to provide Plaintiff's defense counsel with such documents. Therefore, summary judgment in favor of Defendant James is appropriate with regard to Plaintiff's claim that his civil rights were violated by the fact the Defendant did not furnish the requested documents.

### B. Denial of Access To Courts Claim

Plaintiff further claims in his original complaint that his civil rights were violated by the Defendants' failure to provide the requested documents because he was denied access to courts pursuant to the due process clause of the fourteenth amendment. This claim fails as well as Plaintiff has not been denied access to any court.

■ Prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). This access must be adequate, effective and meaningful. *Id.* at 822, 97 S.Ct. at 1495. The framework developed by the Third Circuit for analyzing right of access challenges by indigent prisoners separates claims into two categories: (1) those that concern prisoner access to law libraries or alternative sources of legal knowledge and (2) those that affect merely comfort or convenience without depriving a prisoner of access to the courts. *Peterkin v.*

*Jeffes,* 855 F.2d 1021, 1039 & 1041 (3d Cir. 1988). *See also Hudson v. Robinson,* 678 F.2d 462, 466 (3d Cir.1982) (prisoner having to wait ten days to have document notarized not denial of access to courts).

■ Any matters falling in the latter category have an actual injury requirement to state a claim for which relief can be granted. *Peterkin,* 855 F.2d at 1041–42 (contrasting with the situation where injury is presumed by virtue of denial of access to legal knowledge). *See also Hudson,* 678 F.2d at 466 (delay is not an injury where the document was notarized before it was due). This court finds that the copies of documents or transcripts involved in this case would be included in the latter "convenience" category. Plaintiff claims no actual injury. He has already taken a direct appeal of his 1984 criminal conviction. *See* discussion *supra* (appeals taken at the Pennsylvania Superior Court and Supreme Court levels).

Furthermore, even if Plaintiff alleged a deprivation of due process from an excessive delay in furnishing a trial transcript to be used for appeal or post conviction relief, there must be prejudice to the defendant. *See DeLancy v. Caldwell,* 741 F.2d 1246, 1247–48 (10th Cir.1984). *See also Baker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (listing four factors to be balanced to determine whether the criminal defendant was denied due process as the length of delay, reason for the delay, defendant's assertion of his right and prejudice to the defendant). Plaintiff has not alleged prejudice nor has Plaintiff stated any factual issues that he has been prejudiced. As stated above, Plaintiff already directly appealed his criminal conviction and Plaintiff has not specified any appeal he plans on pursuing. Therefore, summary judgment in favor of Defendant James is appropriate with regard to Plaintiff's access to courts claim.

### C. Denial of Appeal Claim

The Plaintiff further claims in his original complaint that he has been unable to pursue his appeal rights. The Plaintiff was represented by counsel at each criminal trial, at the post conviction stage and at the appellate

stages of these prosecutions. Plaintiff cannot assert that he has been denied the right to appeal his criminal convictions. Plaintiff has previously appealed each conviction to the Superior Court of Pennsylvania where each conviction was affirmed.[3] The Supreme Court of Pennsylvania has affirmed the death sentence imposed on Plaintiff from a homicide conviction. *See Commonwealth v. Williams,* 524 Pa. 218, 570 A.2d 75 (1990).

Plaintiff has failed to allege or to assert any issue of fact that he was denied any right to appeal. Therefore, summary judgment in favor of the Defendant James is appropriate with regard to the denial of appeal claim.

### D. The § 1985(3) Conspiracy Claim

To come within § 1985(3), a complaint must allege four elements: (1) a conspiracy; (2) "for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws"; (3) that the conspirators committed some act in furtherance of the conspiracy; and (4) that the plaintiff was either "injured in his person or property" or was "deprived of having and exercising any right or privilege of a citizen of the United States." *Griffin v. Breckenridge,* 403 U.S. 88, 103–04, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 338 (1971); *Bethel v. Jendoco Constr. Co.,* 570 F.2d 1168, 1172–73 (3d Cir.1978).

■ Pleading conspiracy under § 1985(3) requires at least minimum factual support of the existence of a conspiracy. *Robinson v. McCorkle,* 462 F.2d 111, 113 (3d Cir.1972) *cert. denied,* 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972). In this case, this court considered Plaintiff's Second Amended Complaint and his response. Neither give minimum factual support of a conspiracy. In his Second Amended Complaint, Plaintiff merely states that in or about June 1991 Defendants James and Abraham entered into a conspiracy to prevent him from receiving his requested documents. *See* Second Amended Complaint at ¶¶ 15, 18. Apparently the purpose of the conspiracy, that is the failure to produce the documents, is Plaintiff's alleged civil rights violation, which as this court discussed *supra* does not constitute a civil rights violation. Plaintiff never mentions how Defendant James was involved in this conspiracy nor does Plaintiff assert any acts committed in furtherance of the conspiracy, except for the fact he did not receive the documents he requested, which does not constitute a civil rights violation against James.

Plaintiff has not alleged or demonstrated any fact issue that Defendants engaged in a conspiracy to deprive Plaintiff of his civil rights. Therefore, Defendant's motion for summary judgment will be granted with regard to this claim.

### E. Defendant's Prosecutorial Immunity

■ It is well established that an assistant district attorney is absolutely immune from suit based upon actions taken in his role as a prosecutor.[4] As far as Plaintiff's claim against James can be read in its broadest sense to be a claim against him in his role as an Assistant District Attorney, this claim must be dismissed. The Plaintiff has not established a cause of action which would defeat the absolute prosecutorial immunity of Defendant James.

Therefore in addition to the absence of any genuine issues of material fact, this court finds that Defendant James is immune regarding those claims that arise from his role as a prosecutor.

### IV. Conclusion

Based upon the foregoing this court finds that Plaintiff has failed to establish or demonstrate any genuine issues of material fact with regard to any of his claims. Therefore,

---

3. *See* Cases Nos. 1046 PHL 88; 2634 PHL 90; 1593 PHL 85; 2406 PHL 84.

4. *See Imbler v. Pachtman,* 424 U.S. 409, 417–19, 96 S.Ct. 984, 988–90, 47 L.Ed.2d 128 (1976); *Schrob v. Catterson,* 948 F.2d 1402, 1408–09 (3d Cir.1991); *Rose v. Bartle,* 871 F.2d 331, 345 (3d Cir.1989); *Jennings v. Shuman,* 567 F.2d 1213, 1221 (3d Cir.1977). *See also Young v. Steinberg,* 1991 WL 172126 (E.D.Pa.1991) (Pollak, J.); *Coggins v. Carpenter,* 468 F.Supp. 270, 283–84 (E.D.Pa.1979); *Clark v. Zimmerman,* 394 F.Supp. 1166, 1175–76 (E.D.Pa.1975).

this court will grant Defendant James' motion for summary judgment.