Ronald W. TELEPO, Jr., Plaintiff,

v.

Todd A. MARTIN, et al., Defendants.

Civil Action No. 3:08–2132.

United States District Court,
M.D. Pennsylvania.

April 22, 2009.

Ronald W. Telepo, Jr., Houtzdale, PA, pro se.

Gerard J. Geiger, Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, PA, for Defendants.

### MEMORANDUM AND ORDER

MALACHY E. MANNION, United States Magistrate Judge.

Presently before the Court is plaintiff's "Motion for Leave to File [a Second] Amended Complaint" (the "Motion") pursuant to Federal Rule of Civil Procedure 15(a). *See* Doc. No. 43. In the motion and supporting brief, (Doc. No. 44), plaintiff seeks to add a new defendant, Wieslaw T. Niemoczynski, Chief Public Defender of the Monroe County Public Defenders Office, and also seeks a new form of relief, punitive damages. *See* Doc. No. 43 at 1; Doc. No. 44 at 2–3.

The Motion is fully briefed. For the reasons elaborated below, the Court will **GRANT** in part, and **DENY** in part the Motion.

### I. FACTS AND PROCEDURAL POSTURE

During state court criminal proceedings in Monroe County involving sentencing issues, plaintiff allegedly declined to speak to his attorney and declined to make certain information known to him because a private consultation area was not available for their use. Plaintiff was unwilling to speak in ear shot of other persons (including sheriffs and other inmates) and supposedly risk loss of his attorney-client privilege and other confidences. Plaintiff further alleges that in consequence of the state denying him access to private consultation facilities (at the county courthouse), in conjunction with his own concomitant refusal to be fully forthcoming with his attorney in those circumstances, he was sentenced to "a longer period of incarceration because of the facts I was unable to relay to [my attorney] concerning my prior record score." Doc. No. 44 at 2–3. Plaintiff argues that the defendants' failure or refusal to provide (what he terms) an adequate private consultation area is a denial of his due process rights and First Amendment right to petition. *See* Amended Compl. at 3. (Doc. No. 28.) The operative complaint, i.e., the Amended Complaint, is brought under 42 U.S.C. § 1983. In his proposed (second) Amended Complaint, plaintiff seeks to add a claim for punitive damages, and additionally seeks to add Wieslaw T. Niemoczynski, Chief Public Defender of the Monroe County Public Defenders Office, as a defendant.

### II. STANDARD OF REVIEW

The Motion is brought pursuant to Rule 15. Rule 15(a) provides:

*Amendments Before Trial.*

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here the catch-all subsection, Rule 15(a)(2), applies because plaintiff has already amended his complaint once, (Doc. No. 28), and because a responsive pleading, an answer, is allowed in response to a complaint.

■ Rule 15(a)(2) provides that a party may seek leave of the court to amend a pleading and that such leave "shall be freely given when justice so requires." "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000).

### III. LEGAL ANALYSIS

Plaintiff seeks to amend his complaint by adding a punitive damages claim (an additional type of relief), and by adding a defendant. The Court addresses each issue in turn.

#### A. Punitive Damages Claim

■ Although defendants have filed a brief in opposition to the Motion, (Doc. No. 45), the defendants make no express argument against plaintiff's efforts to seek punitive damages as a form of relief. Given that punitive damages are generally consistent with a Section 1983 claim, the Court will permit this amendment. *See Graham v. Hotter,* Civ. A. No. 05–2679, 2006 WL

3831375, at *4 (M.D.Pa. Dec. 28, 2006) (Kane, J.) (citing *Smith v. Wade,* 461 U.S. 30, 55, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (Brennan, J.)); MARTIN A. SCHWARTZ & KATHRYN R. URBONYA, SECTION 1983 LITIGATION *Punitive Damages* § XXI[B], at 192–93 (2d ed.2008).

## B. Adding Chief Public Defender Wieslaw T. Niemoczynski As A Defendant[1]

Plaintiff asserts that Chief Public Defender Niemoczynski (the "Defender") is liable under Section 1983 and under Pennsylvania malpractice law, the latter asserted, presumably, under the supplemental jurisdiction statute. *See* 28 U.S.C. § 1367.

### 1. Section 1983 Claim Against The Defender

█ Liability under Section 1983 is predicated on government action, i.e., action taken "under the color of state law." 42 U.S.C. § 1983. The defendants argue that the Defender is not a government actor for Section 1983 purposes. The Court agrees. The Supreme Court has held that court appointed counsel, including public defenders, do not act "under color of state law" when performing a traditional lawyer's function as counsel to a defendant and, therefore, are not amenable to suit under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (Powell, J.); *see also Brown v. Joseph,* 463 F.2d 1046 (3d Cir.1972) (Aldisert, J.), *cert. denied,* 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973); *Borsello v. Leach,* 737 F.Supp. 25 (E.D.Pa.1990). As such, plaintiff's proposed amendment to the Amended Complaint—a Section 1983 claim against the Defender—will be denied as futile.

### 2. State Malpractice Claim Against The Defender

█ The parties agree that the Pennsylvania Supreme Court's opinion in *Bailey v.*

*Tucker,* 533 Pa. 237, 621 A.2d 108 (1993) (Nix, C.J.), provides the framework for evaluating plaintiff's state malpractice claim against the Defender. *See* Doc. No. 45 at 5–6 (defendants' opposition brief); Doc. No. 46 at 3 (plaintiff's reply brief). In *Bailey,* the court held:

> a plaintiff seeking to bring a[n] . . . action against a criminal defense attorney, resulting from his or her representation of the plaintiff in criminal proceedings, must establish the following elements:
>
> (1) The employment of the attorney;
>
> (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;
>
> (3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal [sic] or a complete dismissal of the charges.
>
> (4) As a result of the injury, the criminal defendant/plaintiff suffered damages.
>
> (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

*Bailey,* 621 A.2d at 114–15.[2]

█ First, it appears on the face of the proposed Second Amended Complaint that plaintiff fails to state a claim against the Defender. Plaintiff expressly alleged that the Defender acted negligently, (Doc. No. 43–3 at 2 (asserting negligent conduct) & 3 (same).) *Bailey,* by contrast, requires more than mere

---

**1.** The Court notes that plaintiff's motion also states that "the Monroe County Public Defenders Office may be liable, as well as the current defendants named." (Doc. No. 43 at 1.) But apparently, plaintiff does not intend to bring a claim against that entity: it is not listed in the caption of the proposed second amended complaint, nor is it expressly listed among the defendants de-

scribed in the body of the proposed second amended complaint. (Doc. No. 43–3 at 1.)

**2.** The defendants argue that plaintiff's claim against the Defender fails to state a claim (or is premature) because plaintiff has not yet pursued post-trial remedies and obtained relief allegedly arising from attorney error. *See* Doc. No. 45 at 5–6 (citing *Bailey, supra* ). However, Bailey ex-

tortious negligence; *Bailey* requires allegations, and proof at trial, of reckless or wanton conduct. Where as here, grounds for dismissal appear on the face of the proposed second amended complaint, the proposed amendment should be rejected as futile. *Cf. Ray v. Kertes*, 285 F.3d 287 (2002) (Sloviter, J.) (permitting sua sponte dismissal where defect is plain on the face of the complaint).

■ Second, *Bailey, supra*, provides that relief is dependent on plaintiff's establishing that he, the plaintiff, would have been acquitted or otherwise granted "complete dismissal of the charges." *Bailey*, 621 A.2d at 115. Here, by contrast, plaintiff alleges that attorney error led to an increased sentence. *See* Doc. No. 43–3 at 2. Thus *Bailey* on its face does not provide a clear avenue of relief. This Court knows of no legal authority—controlling or persuasive—establishing or predicting that the Pennsylvania Supreme Court would extend relief to the circumstances at issue here: an alleged sentencing error. *See, e.g., Sturm*, 110 F.Supp.2d at 360–61 (holding that a *Bailey* criminal malpractice claim fails absent allegations by plaintiff that he is innocent of "all the charges"). A federal district court is not the proper forum to radically expand the reach of Pennsylvania criminal malpractice law. *See, e.g.,* LINDA MULLENIX ET AL., UNDERSTANDING FEDERAL COURTS AND JURISDICTION § 15.19[3], at 555 (1998) ("In general [federal courts] hold that [their] role in applying state law is to rule on state law as it exists, and not to surmise or suggest its expansion. The First and Seventh Circuits, in particular, have articulated a policy against expanding state law in diversity cases that the *plaintiff elected to bring in federal court*.") (emphasis added) (collecting case law). To the extent that plaintiff has any malpractice claim under

Pennsylvania law, that claim appears novel and complex. As such the Court will exercise its discretion under Rule 15 and under the Supplemental Jurisdiction Statute not to hear this claim. *See* 28 U.S.C. § 1367(c)(1) (permitting a district court to decline supplemental jurisdiction where the state law claim is "novel or complex"). Additionally, the Court finds that there are "compelling reasons" to decline to exercise jurisdiction. *See id.* § 1367(c)(4). Permitting plaintiff to add this defendant to this action effectively stays this action or, at least, stays this action vis-a-vis the newly added defendant until such a time as plaintiff successfully pursues state remedies in regard to his allegations relating to sentencing error connected to attorney malpractice. This result, requiring a stay, in regard to *Bailey* claims brought in *state* court, has been expressly required by the Pennsylvania Supreme Court.[3] Federal Courts, however, hear state causes of action for reasons of comity and in order to conserve judicial and societal resources. Here the state court procedural rule—the one requiring delay—frustrates reasonably prompt resolution of this matter by this (or any federal) Court. *See Sturm*, 110 F.Supp.2d at 361 n. 3 (denominating the *Bailey* court's rule "procedural," as opposed to "substantive," and therefore not controlling under the doctrinal framework announced in *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (Brandeis, J.)). Delay for an unknown amount of time in regard to adjudicating a federal matter, much less the matter vis-a-vis a single defendant, is highly undesirable and procedurally awkward. Where such a delay is caused by a state court procedural rule, as opposed to a substantive policy choice, the costs of delay worked on the federal judicial system and the litigants are too great to be justified.

---

pressly holds otherwise and mandates that plaintiffs assert criminal malpractice claims during the limitations period even if prior to receiving relief arising from attorney error. *See Bailey*, 621 A.2d at 115 n. 13. *But see Williams v. Sturm*, 110 F.Supp.2d 353, 361 (E.D.Pa.2000) (taking a position akin to that argued by defendants in the instant action).

**3.** *See Bailey*, 621 A.2d at 115 n. 13:

This [exhaustion] requirement does not, however, relieve the plaintiff of his duty to initiate this cause of action within the statute of limitations period as hereinafter discussed, but it

does raise a procedural question, to wit: what is to be done with a civil action filed prior to the completion of the post-conviction process? The answer is that an attorney defendant who is served with a complaint alleging professional malpractice for the handling of a criminal matter may interpose a preliminary objection on the grounds of demurrer. *See* Pa. R.C.P. No. 1017(b)(4). The trial court shall then reserve its ruling on said objection until the resolution of the post-conviction criminal proceedings.

Obedience to such a state court procedural rule would not express comity, but subservience. For all these reasons, plaintiff's malpractice claim belongs in state court. Therefore plaintiffs motion will be denied without prejudice to his filing his malpractice claim in state court.

## IV. CONCLUSION

For the reasons elaborated above, the Court **GRANTS** in part, and **DENIES** in part the Motion.

**IT IS THEREFORE ORDERED:**

1.  The Court **GRANTS** plaintiffs Motion to the extent that the Amended Complaint, is constructively modified by this Order to contain the following language within the prayer for relief: "Award Punitive Damages in an amount and character to be proven at trial against each defendant, jointly and severally." Doc. No. 43–3 at 4;

2.  Plaintiffs Motion to add the Defender as a defendant is **DENIED** without prejudice to his filing such a claim in state court; and,

3.  All other relief is **DENIED.**