J-S17012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID R. DARCANGELO | |
| Appellant | No. 694 WDA 2015 |

Appeal from the PCRA Order April 7, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001041-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED SEPTEMBER 02, 2016**

Appellant, David R. Darcangelo, appeals from the order entered in the Cambria County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm in part and reverse in part the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with various drug-related offenses for his involvement in a cocaine trafficking operation over a period of approximately two years. On the eve of trial, the Commonwealth offered

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

Appellant a plea deal of an aggregate term of five (5) to ten (10) years'

incarceration, which Appellant rejected. On November 10, 2010, a jury

convicted Appellant of multiple counts of possession of a controlled

substance with intent to deliver ("PWID"), delivery of a controlled substance,

criminal use of communication facility, and conspiracy. The court sentenced

Appellant on March 30, 2011, to consecutive mandatory minimum terms of

incarceration of five (5) to ten (10) years for PWID count one and seven (7)

to ten (10) years for PWID count four, pursuant to 18 Pa.C.S.A. § 7508.[2]

The court ran sentences for eighteen other charges concurrently and

imposed no further penalty for the remaining charges. Thus, Appellant

received an aggregate sentence of twelve (12) to twenty (20) years'

imprisonment. This Court affirmed the judgment of sentence on October 3,

2012, and the Pennsylvania Supreme Court denied allowance of appeal on

May 15, 2013. *See Commonwealth v. Darcangelo*, No, 857 WDA 2011,

unpublished memorandum (Pa.Super. filed October 3, 2012), *appeal denied*,

620 Pa. 695, 67 A.3d 793 (2013). On August 12, 2014, Appellant timely

_____

[2] Appellant's term of seven (7) to ten (10) years' incarceration for PWID count four did not violate 42 Pa.C.S.A. § 9756(b), even though the minimum term of incarceration exceeded the maximum term by more than one-half. *See* 42 Pa.C.S.A. § 9756(b)(1) (stating: "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed"); *Commonwealth v. Hockenberry*, 689 A.2d 283 (Pa.Super. 1997), *appeal denied*, 548 Pa. 645, 695 A.2d 784 (1997) (holding defendant's sentence of seven to ten years' incarceration was permissible under Section 7508 because prefatory language in Section 7508 carved out exception to general rule set forth in Section 9756(b)).

filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. Following a hearing, the court denied Appellant's petition on April 7, 2015. Appellant filed a timely notice of appeal on April 23, 2015. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

WHETHER THE PCRA COURT ERRED WHEN IT FOUND THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO PROVIDE [APPELLANT] WITH A COPY OF DISCOVERY MATERIALS PRIOR TO TRIAL?

(Appellant's Brief at 1).

Appellant argues trial counsel failed to let him view or obtain a copy of the discovery packet turned over by the Commonwealth prior to trial. Appellant contends counsel's withholding of the discovery materials prevented Appellant from making an informed decision as to whether to accept the Commonwealth's plea offer of five to ten years' incarceration. Appellant asserts trial counsel had no reasonable basis for denying him access to the discovery materials. Appellant submits there was no real risk of public dissemination of the information because the Commonwealth already had access to and knowledge of the contents. Appellant likewise maintains there was no risk of loss of the discovery packet because it was on a CD, which counsel could have easily copied and given to Appellant. Appellant claims he would have accepted the Commonwealth's plea offer and

not gone to trial if he had known the extent of the evidence against him as reflected in the discovery packet. Appellant concludes counsel was ineffective for failing to provide him with a copy of the discovery materials. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999).

The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***]*,* we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 573(B)(1) provides:

### Rule 573.  Pretrial Discovery and Inspection

\*     \*     \*

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory*.   In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all…requested items or information, provided they are material to the instant case.   The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\*     \*     \*

Pa.R.Crim.P. 573(B)(1).

Instantly, the Commonwealth turned over discoverable material to trial counsel in compliance with Rule 573(b)(1).  Appellant cites no Pennsylvania rules or case law to support his claim that counsel had a duty to provide the physical discovery materials or a copy of the materials to Appellant.[3] Therefore, Appellant's issue lacks arguable merit.  **See Pierce, supra**.

Further, trial counsel testified at the PCRA hearing that he traditionally does not give his clients the actual discovery material.  Counsel explained this practice was intended to prevent loss of the documents or public

_____

[3] Pennsylvania federal courts have held counsel has no duty to provide a defendant with his own copy of discovery materials. **See, e.g., Williams v. Dark**, 844 F.Supp. 210, 213-14 (E.D.Pa. 1993) (stating: "A defendant has no independent right to his own copy of discoverable documents…when these documents have been provided to defense counsel").

dissemination of incriminating information. Counsel also confirmed he consulted with Appellant regarding the pertinent information in the discovery packet, and they discussed the risks of going to trial. Thus, the PCRA court properly concluded counsel's actions had a reasonable strategic basis. *See id.*

With respect to the prejudice prong, Appellant fails to identify any information in the discovery packet he was unaware of pretrial, which would have persuaded him to accept the plea deal offered by the Commonwealth. The PCRA court found trial counsel had adequately informed Appellant of the risks of going to trial. Further, Appellant admitted that after his arrest, he received and reviewed the grand jury presentment, which mentioned the testimony of multiple witnesses. Appellant also was present at the preliminary hearing. The prosecutor testified at the PCRA hearing that the quantity and quality of the Commonwealth's evidence was reflected in the grand jury presentment and the preliminary hearing testimony. Therefore, Appellant failed to establish he was prejudiced by his inability to obtain a copy of the discovery packet. *See Chambers, supra*. Based on the foregoing, Appellant's challenge to counsel's effectiveness merits no relief.

Nevertheless, we observe in the certified record that the trial court imposed mandatory minimum sentences for several of Appellant's convictions, pursuant to 18 Pa.C.S.A. § 7508. At the time of Appellant's sentencing, Section 7508(a)(2)(ii) established a mandatory minimum

sentence of five (5) years' imprisonment for PWID, where the aggregate weight of the controlled substance was between ten and one hundred grams, and at the time of sentencing, the defendant had been convicted of another drug trafficking offense. 18 Pa.C.S.A. § 7508(a)(2)(ii). If the aggregate weight of the controlled substance exceeded one hundred grams, and the defendant had a prior conviction for a drug trafficking offense, the mandatory minimum sentence was seven (7) years' imprisonment. 18 Pa.C.S.A. § 7508(a)(2)(iii). Section 7508(b) stated its provisions shall not be an element of the crime and their applicability shall be determined by the court at sentencing by a preponderance of the evidence. 18 Pa.C.S.A. § 7508(b).

In **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), decided on June 17, 2013, the United States Supreme Court expressly held that any fact increasing the mandatory minimum sentence for a crime **is** considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. **Alleyne, supra**. This Court later addressed the constitutionality of a mandatory minimum sentencing statute containing language similar to Section 7508, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). **Newman** involved an **Alleyne** sentencing issue that could not have been initially raised on direct appeal, because the defendant's appeal had been resolved on June 12, 2013, five days before **Alleyne** was decided. So, the defendant filed a

petition for reconsideration/reargument, which this Court granted. Relying on *Alleyne*, *Newman* held that 42 Pa.C.S.A. § 9712.1 (requiring imposition of mandatory minimum sentence for certain drug offenses committed with firearms) could no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Id.* at 98. *Newman* further held (1) the non-offending provisions of Section 9712.1 were not severable and the statute was unconstitutional in its entirety; (2) a sentencing challenge premised on *Alleyne* implicates the legality of the sentence and cannot be waived. *Id.* at 90, 101.

In a subsequent decision filed on November 21, 2014, this Court extended the logic of *Alleyne* and *Newman* to Section 7508, declaring the statute unconstitutional in its entirety. *See Commonwealth v. Fennell*, 105 A.3d 13 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 121 A.3d 494 (2015). *See also Commonwealth v. Hopkins*, ___ Pa. ___, 117 A.3d 247 (2015) (declaring mandatory minimum statute at 18 Pa.C.S.A. § 6317 (drug-free school zones) unconstitutional in its entirety under *Alleyne*, where that statute stated its provisions were not elements of crime and applicability of statute should be determined at sentencing by preponderance of evidence).

In ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa.Super. 2015), this Court reiterated the ***Newman*** Court's declarations: (1) an ***Alleyne*** claim is a nonwaivable challenge to the legality of sentence; and (2) ***Alleyne*** announced a new constitutional rule that applied to all cases pending on direct review when ***Alleyne*** was decided. ***Id.*** at 59-60 (citing ***Newman, supra*** at 90). Based on those principles, ***Ruiz*** clarified that a defendant could also raise an ***Alleyne*** challenge in a timely PCRA petition so long as his direct appeal from the judgment of sentence was still pending when ***Alleyne*** was decided. ***Id.*** at 59-60.

Recently in ***Commonwealth v. Washington***, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an ***Alleyne*** claim in a timely PCRA petition but his judgment of sentence had become final prior to the ***Alleyne*** decision. The ***Washington*** Court stated:

> [A] new rule of law does not automatically render **final**, **pre-existing** sentences illegal. A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal. …
>
> * * *
>
> [N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

***Id.*** at *3-4 (Pa. 2016) (emphasis added). ***See also id.*** at *4 (stating: "[I]f

a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal"). The **Washington** Court applied the retroactivity analysis delineated in **Teague v. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and determined the new constitutional rule announced in **Alleyne** is not a substantive or watershed procedural rule that would warrant retroactive application. **Washington, supra**. The Court held the defendant was not entitled to retroactive application of **Alleyne** because his judgment of sentence had become final before **Alleyne** was decided. **Id.**

Instantly, the trial court sentenced Appellant on March 30, 2011, to mandatory minimum terms of incarceration for several of his drug offenses, pursuant to Section 7508. **Alleyne** was decided thirty-three days after the Pennsylvania Supreme Court had denied Appellant's petition for allowance of appeal on May 15, 2013, during the 90-day window Appellant had to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (providing petition for writ of *certiorari* must be filed within 90 days after entry of order by state court of last resort denying discretionary review). Appellant's judgment of sentence did not become final until August 13, 2013, after **Alleyne** became law on June 17, 2013, but before **Fennell** declared Section 7508 unconstitutional in its entirety by virtue of **Alleyne** on November 21, 2014. Appellant timely filed his PCRA petition on August 12, 2014. **See** 42 Pa.C.S.A. § 9545(b)(1), (b)(3) (stating PCRA petition must be filed within one year of date underlying judgment

becomes final; judgment is deemed final at conclusion of direct review or at expiration of time for seeking review). Because Appellant's judgment of sentence was not yet final when *Alleyne* was decided on June 17, 2013, we elect to review *sua sponte* the legality of Appellant's mandatory minimum sentences in light of *Alleyne* and its Pennsylvania progeny. *See Commonwealth v. Edrington*, 780 A.2d 721 (Pa.Super. 2001) (explaining appellate court can raise legality of sentence issue *sua sponte*, assuming court has proper jurisdiction).[4] *Alleyne* applies to Appellant's case, and he is entitled to review and relief under *Ruiz, supra*. *See also Fennell, supra*.

The present matter is distinguishable from *Washington*, which concerned the retroactive application of *Alleyne* to cases where the defendant's judgment had already become final **before** the *Alleyne* decision. *Washington* did not consider the unique procedural posture presented in *Ruiz* or in the instant case, where a defendant's *Alleyne* claim

_____

[4] *Washington* did not upset the holding in *Newman* and *Ruiz* that an *Alleyne* violation renders a sentence illegal for purposes of waiver analysis. *Washington* stands for the proposition that no *Alleyne* violation can occur in the first place where the defendant's sentence was imposed and became final before *Alleyne* was decided. In *Washington*, the Supreme Court noted it recently granted allowance of appeal in a separate case to address the distinct issue of whether an *Alleyne* violation implicates the legality of sentence for issue preservation purposes. *See Washington, supra* at *4 n.6 (citing *Commonwealth v. Barnes*, ___ Pa. ___, 122 A.3d 1034 (2015)). Therefore, under current law, the claim that a sentence violates *Alleyne* remains a nonwaivable challenge to the legality of the sentence. *See Newman, supra*; *Ruiz, supra*.

is addressed on collateral review but his direct appeal from the judgment of sentence was still pending at the time **Alleyne** was decided. The **Washington** Court, however, did specifically acknowledge the general retroactivity of new constitutional rules to cases pending on direct review at the time of the rule's announcement. *See Washington, supra* at *2, *4. Therefore, **Washington** does not necessarily foreclose review and relief with respect to an **Alleyne**-based sentencing issue under these unique circumstances.

Based on the foregoing, we affirm the court's denial of PCRA relief related to Appellant's claim of ineffective assistance of counsel, but we conclude Appellant is entitled to a remand for resentencing without application of any unlawful mandatory minimum statute. Accordingly, we affirm in part and reverse in part the order denying PCRA relief, vacate the judgment of sentence in its entirety, and remand for resentencing without imposition of a mandatory minimum term. *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing scheme on remand).

Order affirmed in part and reversed in part; judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/2/2016