J-A11040-17

2017 PA Super 260

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
SEAN PATRICK SELLERS :
:
: No. 1584 MDA 2016
APPEAL OF: STEVE RICE, ESQ. :

Appeal from the Order September 15, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000339-2014

BEFORE: SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED AUGUST 11, 2017**

Appellant, Steve Rice, Esq., appeals from the order entered in the Court of Common Pleas of Franklin County granting the Commonwealth's motion for a protective order prohibiting him from supplying requested discovery material to his former client, Sean Patrick Sellers. Herein, Attorney Rice asserts the lower court erred in issuing the protective order without a hearing when he has a professional duty to turn over Sellers' case file and where the Commonwealth failed to specify in its Pa.R.Crim.P 573 motion why such discovery was improper. We reverse and remand.

Attorney Rice represented Sellers during his criminal trial and sentencing, but he withdrew his appearance prior to Sellers' direct appeal,

_____

[*] Former Justice specially assigned to the Superior Court.

which the Franklin County Public Defender's Office has filed on Sellers' behalf.[1] Months after his withdrawal, Attorney Rice notified the Commonwealth of his intent to honor Sellers' request for a copy of pretrial discovery, including information retrieved from Sellers' cell phone, but Rice first asked the Commonwealth "as a courtesy" if it was aware of any sensitive material that should not be provided to Sellers.

The Commonwealth responded that Attorney Rice should refrain from sending any discovery to Sellers, as it was of the opinion that only the Franklin County Public Defender, as Sellers' present counsel, was authorized to handle discovery requests made by Sellers. Rice replied that he considered it his duty under rules of professional conduct to provide reasonably practicable discovery disclosure to his former client, and he invited the Commonwealth to file a motion for a protective order in order to seek a court ruling on the matter, which the Commonwealth did pursuant to Rule 573.

On August 22, 2016, the court entered an interim order directing Rice to refrain from transferring any discovery material to Sellers, and it ordered Rice to file an answer to the Commonwealth's motion, which he filed on September 1, 2016. On September 15, 2016, without first conducting a hearing, the court entered an order in reliance on party filings granting the

---

[1] Sellers' direct appeal is presently before this Court, at No. 1122 MDA 2016.

Commonwealth's motion. Relying on ***Williams v. Dark***, 844 F.Supp. 210, 213-14 (E.D. Pa 1993), the court reasoned that Sellers possessed no constitutional right to his own copy of discovery materials when his counsel, the Franklin County Public Defender's Office, enjoys access to them. This timely appeal followed.

Attorney Rice presents the following question for our review:

**I.   DID THE LOWER COURT ERR IN GRANTING THE COMMONWEALTH'S MOTION FOR A PROTECTIVE ORDER WHERE THE COMMONWEALTH FAILED TO MAKE A "SUFFICIENT SHOWING" THAT SUCH ORDER IS APPROPRIATE UNDER Pa.R.Crim.P. 573(F)?**

Appellant's brief at 5.

Attorney Rice contends that the Commonwealth failed to make a "sufficient showing," as required under Pa.R.Crim.P. 573(F), to support its requested protective order. Rule 573, "Pretrial Discovery and Inspection," provides under subsection (F) "Protective Orders":

> Upon a sufficient showing, the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion of any party, the court may permit the showing to be made in whole or in part, in the form of a written statement to be inspected by the court *in camera*. If the court enters an order granting relief following a showing *in camera*, the entire text of the statement shall be sealed and preserved in the records of the court to be made available to the appellate court(s) in the event of an appeal.

Pa.R.Crim.P. 573(F).

Here, Attorney Rice maintains, there was no showing at all, let alone a sufficient one, where the court failed to conduct a hearing at which it could

- 3 -

have considered the Commonwealth's evidentiary proffer. While he acknowledges that the Commonwealth alleged in its motion that there were sensitive materials in the discovery, and that he, in his answer, admitted that some materials were, in fact, sensitive, there was neither an agreement between the parties that all materials were sensitive nor a particularized description of the materials at issue. Consequently, he argues, the Commonwealth did not meet its burden of presentation under Rule 573(F).

Both the Commonwealth and the lower court respond to Rice's argument by contesting his standing to bring the appeal. According to the lower court, Pennsylvania Rule of Appellate Procedure 501 confers the right to appeal upon "any party who is aggrieved by an appealable order." *See* Pa.R.A.P. 501. The court observes that decisional law addressing Rule 501 has held that "[a] party is aggrieved when he or she has a "substantial, direct, and immediate" interest in the subject matter of the appeal. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 282-84 (1975). Specifically, "the requirement of a 'substantial' interest simply means that the individual's interest must have substance—there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *Id.* at 282. "The requirement that an interest be 'direct' simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Id.* (footnote omitted). Finally, "[t]he remaining requirements of the traditional formulation of the standing test

are that the interest be 'immediate' and 'not a remote consequence of the judgment.' [T]hese two requirements reflect a single concern. Here that concern is with the nature of the causal connection between the action complained of and the injury to the person challenging it." *Id.* at 283.

The court concludes that the order from which Attorney Rice has appealed does not aggrieve his interests because he no longer represents Sean Sellers. To the extent anyone holds an interest in the discovery at issue, it is Sean Sellers, and not Attorney Rice, the court opines, such that only Sean Sellers' interests are implicated by the order in question.

For that matter, the court continues, Attorney Rice is not even a party for purposes of Rules 573(F) and 501, as he no longer represents Sellers and did not represent him at the time the court issued the instant order under review.

On the issue of standing, Attorney Rice posits that he is a party under Section 102 of the Judicial Code, which defines a "party" as "[a] person who commences or against whom relief is sought in a matter." 42 Pa.C.S.A. § 102. In this case, Attorney Rice notes, he was the person against whom the Commonwealth sought relief in the form of a protective order. Rice had indicated his intent to transmit pretrial discovery materials to Sellers, and the Commonwealth asked the court to stop Rice from doing so. The order itself, in turn, constrained Attorney Rice alone, and it addressed neither Sean Sellers nor the Franklin County Public Defender's Office in the process.

Attorney Rice also contends that he meets the requirements of an "aggrieved party" as identified by our Supreme Court in **William Penn Parking Garage**. Specifically, Rice points to the Pennsylvania Rules of Professional Conduct imposing a duty upon a lawyer to "promptly comply with reasonable requests for information[,]" Pa.R.P.C. 1.4(a)(4), and to "surrender papers and property to which the client is entitled" upon termination of representation. **See** Pa.R.P.C. 1.16(d)[2]. A client's file is part of such information, Rice maintains, citing to **Maleski v. Corporate Life Ins. Co.**, 641 A.2d 1 (Pa. Cmwlth. 1994).[3] Because of the lower court's order, Attorney Rice explains, he cannot carry out his professional duty with respect to a former client presently pursuing direct appeal and who may, if need be, subsequently file for post-conviction relief and/or a federal motion for writ of *habeas corpus*.

_____

[2] Rule 1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Pa.R.P.C. 1.16

[3] Decisions of the Pennsylvania Commonwealth Court are not binding upon the Pennsylvania Superior Court, but we deem the cited case instructive in addressing the present issue.

Under the present facts, we conclude that Attorney Rice is an aggrieved party for purposes of the present appeal, as he has articulated a substantial, direct, and immediate interest—as those requirements are described in **William Penn Parking Garage**—in conforming to rules of professional conduct calling for an attorney to take steps reasonably practicable to protect the interests of a former client. Here, Attorney Rice's former client, Sean Sellers, requested that Rice transmit his case file during the pendency of his direct appeal, but the lower court entered an order preventing Attorney Rice from satisfying the request. We, therefore, agree with Rice's position that he is an aggrieved party with standing to bring the present appeal.

We, therefore, may address whether the lower court erred in entering its protective order without the benefit of either a hearing or an *in camera* review of documents specifying the particular nature of the materials at issue. The record establishes that the Commonwealth filed its motion for a protective order pursuant to Rule 573, claiming that the case file Attorney Rice intended to transmit to Sellers contained "sensitive materials." Without the benefit of any further information or a hearing, the lower court granted the motion.

As reproduced above, the plain language of Rule 573(F) provides that a protective order may be entered upon a "sufficient showing," which the movant may accomplish in whole or in part by a submitting a written statement to be reviewed by the court *in camera*. Here, the court entered a

protective order upon nothing more than a written statement that the contested discovery contained "sensitive materials." We decline to find such a vague, generalized proffer sufficient to meet the movant's burden of presentation under Rule 574(F). Accordingly, we reverse the order entered below and remand this matter to the lower court, which shall either conduct a hearing or demand submission of a written statement detailing the particular nature of the materials in question warranting their non-disclosure.

Order is reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2017